948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John D. ALSTATT, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 91-5338.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1991.
 
 Before MERRITT, Chief Judge, ALAN E. NORRIS, Circuit Judge, and GODBOLD, Senior Circuit Judge.*
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the motions for counsel and bail, record and briefs of the parties, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Petitioner was convicted of two counts of first degree robbery. In 1983, he was sentenced to ten and fifteen years consecutive terms of imprisonment. His conviction was affirmed. A motion to vacate was denied and such decision was affirmed by the Kentucky Court of Appeals. A habeas corpus petition was filed in 1989 alleging: 1) ineffective assistance of counsel; 2) the trial judge failed to grant a continuance; 3) the prosecution failed to disclose favorable evidence; and 4) petitioner was denied the right of appeal. The court, on the merits, denied the ineffective assistance of counsel claim. It also determined that the remaining claims were not presented to the state courts and that petitioner failed to satisfy the "cause and prejudice" test. Petitioner did not appeal the dismissal of his habeas corpus action.
 
 
 3
 In 1990, petitioner filed the instant habeas corpus petition alleging: 1) the trial court allowed the introduction of hearsay evidence; 2) the prosecution failed to disclose favorable evidence; and 3) the denial of effective assistance of counsel. The respondent moved for summary judgment. The district court dismissed the instant petition and determined that issue 2 was a repetitive claim which was not supplemented with "a colorable showing of factual innocence." It further determined that issues 1 and 3 were presented by petitioner in his direct appeal, that the issues were available for petitioner to present in his prior habeas corpus petition, and that successive petitions are not permitted. Petitioner appealed.
 
 
 4
 On appeal, petitioner argues that his habeas corpus petition was improperly dismissed because the trial transcript, the decision of the Supreme Court of Kentucky and the appellate briefs were not provided to the court and petitioner was deprived of same. He further argued that he was denied an evidentiary hearing and appointment of counsel.
 
 
 5
 The court's review of a grant of summary judgment is de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990); Buckner v. City of Highland Park, 901 F.2d 491, 494 (6th Cir.), cert. denied, 111 S.Ct. 137 (1990). Under Fed.R.Civ.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 The district court was correct in dismissing the habeas corpus petition as an abuse of the writ. The ineffective assistance of counsel issue was denied on the merits in the 1989 habeas corpus petition and was raised again in the instant habeas corpus petition. Such repetitive claim was not supplemented with "a colorable showing of factual innocence," and thus such issue should not be entertained. Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986). The other two claims raised in the petition were available for him to present at the time of filing his original habeas corpus petition. One claim was presented in the Supreme Court of Kentucky. It was argued that the trial court erred in allowing police officer Winn's testimony that he drew a composite of the robber from information given by a victim, that such composite fit the description of the petitioner and he was advised that petitioner was thought to be in the area. The Supreme Court of Kentucky found the matter frivolous and affirmed the judgment by order filed March 29, 1984. Petitioner's claims in the instant habeas corpus petition that the trial court allowed introduction of hearsay evidence and that the prosecution failed to disclose favorable evidence are merely restatements of the issue presented to the Supreme Court of Kentucky and decided March 29, 1984. Therefore, the filing of the second petition was an abuse of the writ. McCleskey v. Zant, 111 S.Ct. 1454, 1467-71 (1991).
 
 
 7
 Accordingly, it is ORDERED that the motions for counsel and bail be denied and the memorandum opinion and order of the district court be, and it hereby is, affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation